UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ararso U.M.,

    Petitioner,

v.

William P. Barr, *Attorney General;*
Chad Wolf, *Acting Secretary,*
*Department of Homeland Security*;
Matthew Albence, *Acting Director,*
*Immigration and Customs Enforcement*;
Peter Berg, *Director, St. Paul Field Office,*
*Immigration and Customs Enforcement*; and
Sheriff Eric Holien*, Kandiyohi County,*

    Respondents.

Case No. 19-cv-3046 (PAM/DTS)

**REPORT AND RECOMMENDATION**

---

Benjamin Casper Sanchez, University of Minnesota Law School Federal Immigration Litigation Clinic,190 Mondale Hall, 229 19th Avenue South, Minneapolis, MN 55455, and Michael D. Reif, Robins Kaplan LLP, 2800 LaSalle Plaza, 800 LaSalle Ave., Minneapolis, MN 55402, for Petitioner

Ana H. Voss, Assistant U.S. Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondents

---

    Ararso U.M. has been in pre-removal proceedings for 15 months. He filed this habeas petition seeking immediate release from custody or, in the alternative, an individualized bond hearing, asserting that his prolonged detention is unconstitutional. For the reasons stated below, the Court recommends that his petition be granted in part and denied in part and that a bond hearing be held no later than April 7, 2020 to determine whether continued detention is necessary based on an individualized determination that he is a flight risk or a danger to the community.

## FINDINGS OF FACT

Ararso U.M. is a native and citizen of Ethiopia and is of Oromo ethnicity. Ex. D at 5 (Nov. 8, 2019 IJ Decision), Docket No. 1-2 at 18. He was admitted to the United States as a refugee in 2006 at age 14. *Id.* at 6, Docket No. 1-2 at 19. He was in removal proceedings in 2011 due to his conviction for failure to register as a sex offender,[1] was ordered removed to any country other than Ethiopia, and was granted withholding of removal to Ethiopia. *Id.*

On July 17, 2012 Ararso U.M. was convicted of felony theft and sentenced to 18 months, which was stayed for three years. *Id.* at 6, 9, Docket No. 1-2 at 19, 22. On September 18, 2015 he was convicted of failing to register as a sex offender. *Id.* at 6, Docket No. 1-2 at 19. On December 13, 2016 he was convicted of a misdemeanor violation of a domestic abuse no-contact order. *Id.* On July 21, 2017 he was convicted of felony simple robbery and sentenced to 33 months. *Id.*[2]

The U.S. Department of Homeland Security (DHS) moved to reopen Ararso U.M's removal proceedings to terminate the withholding of removal, and an Immigration Judge (IJ) granted the motion on July 11, 2018. Ex. C at 2 (DHS record), Docket No. 1-2 at 10. He was turned over to Immigration and Customs Enforcement (ICE) custody on December 10, 2018 from the Minnesota Correctional Facility in Lino Lakes. *Id.* In the reopened removal proceedings, DHS argued he was no longer eligible for withholding of removal due to his robbery conviction and sentence. Ex. D at 9, Docket No. 1-2 at 22.

---

[1] He was under 18 years old at the time of the offense but was certified as an adult. Ex. D at 10 n.6, Docket No. 1-2 at 23.
[2] To the extent that Ararso U.M. has other convictions [Ex. C, Docket #1-2 at 11], they were not addressed in the IJ's decision. *See* Ex. D at 6-12, Docket No. 1-2 at 19-25.

Ararso U.M. applied for protection under the Convention Against Torture (CAT). *Id.* at 1, Docket No. 1-2 at 14.

A hearing was held on July 9, 2019 at which the IJ heard testimony from Ararso U.M. and an Ethiopia country conditions expert who testified in support of his application for relief. *Id.* at 4, Docket No. 1-2 at 17. The IJ issued a decision on November 8, 2019 terminating the withholding of removal, denying Ararso U.M.'s application for deferral of removal under CAT, and ordering his removal to Ethiopia. *Id.* at 18, Docket No. 1-2 at 31. Ararso U.M. filed this habeas petition on December 6, 2019 challenging his continued detention. Docket No. 1. He appealed the IJ's decision to the Board of Immigration Appeals (BIA) on December 9, 2019. Pet. Reply Br. 5, Docket No. 12.

## CONCLUSIONS OF LAW

Detention during removal proceedings is mandatory for certain aliens who have committed specified crimes. 8 U.S.C. § 1226(c). Unlike non-criminal aliens, individuals detained pursuant to § 1226(c) may not be released, except in narrow circumstances that are inapplicable here. *See id.* § 1226(c)(2). However, on habeas review under 28 U.S.C. § 2241, the federal district courts have jurisdiction to decide whether an alien's prolonged detention violates the due process clause of the Fifth Amendment to the U.S. Constitution. *See Bah v. Cangemi*, 489 F.Supp.2d 905, 914 n.9 (D. Minn. 2007).

Ararso U.M.'s appeal to the BIA is pending and thus his detention is governed by § 1226(c). Before a removal order is administratively final, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). The Supreme Court in

*Demore* emphasized the brief and limited time period of pre-removal-order detention under §1226(c):

> In sum, the detention at stake under §1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.

*Id.* at 530; *see also Omar M. v. Barr*, No. 18-cv-2646, 2019 WL 2755937, at *1 (D. Minn. July 2, 2019) ("the Supreme Court limited its *Demore* holding to a brief period of detention under §1226(c)"); *Mohamed v. Sec'y, Dep't of Homeland Sec.*, 376 F.Supp.3d 950, 956 (D. Minn. 2018) ("The cases applying *Demore* have focused on the critical assumption that detention under §1226(c) would typically be brief to find that prolonged detention – whether or not indefinite – was unconstitutional."); *Bah*, 489 F.Supp.2d at 919 (noting "*Demore's* repeated references to the brief and finite duration of § 1226 detention").

But according to the Government, *Demore*'s underlying premise is not that the period of detention should be "brief" but rather that it should not be "longer than average" or an "unreasonable outlier." Gov't Br. 16, Docket No. 8 (asserting that *Demore* "tethered any constitutional concerns to the alien's immigration case lasting longer than the average removal proceeding"). The Government urges the Court to overlook *Demore*'s language regarding the brevity of detention, arguing that focusing on this language "undersells the breadth of the Court's ruling." *Id.* at 13. Courts in this District have repeatedly rejected this misreading of *Demore*. *See, e.g., Haji S.*, No. 18-cv-3493, 2019 WL 3238354, at *3 (D. Minn. July 18, 2019) ("[T]he Government's reliance on *Demore*, used to bolster their argument that a lengthy and indefinite period of detention does not run afoul of due process, is misplaced. The Government 'fails to

4

recognize that the Supreme Court limited its *Demore* holding to a brief period of detention under § 1226(c).'" (quoting and citing cases)); *Bolus A.D. v. Sec'y of Homeland Sec.*, 376 F.Supp.3d 959, 961 (2019) ("[T]his Court joins those that have relied on *Demore's* 'repeated references to the brevity of detention under § 1226(c)'") (quoting and citing cases); *see also Tua Mene Lebie B. v. Barr*, No. 19-cv-2177, 2019 WL 5715703, at *2 (D. Minn. Nov. 5, 2019) (rejecting the Government's assertion that "the Court should consider the reason for Petitioner's detention rather than the time period itself," the reason being that "'Petitioner's detention has been necessitated by the due process he has been availing himself of before the BIA, and since filing his petition for review'" to the Eighth Circuit (quoting the Government's Objections to Report & Recommendation)), *appeal filed* (8th Cir. Jan. 7, 2020) (No. 20-1034).

This Court also rejects the Government's argument that indefinite detention is constitutional so long as it serves an "immigration purpose," namely, to ensure the individual does not flee or endanger the public. *See* Gov't Br. 14-15, Docket No. 8. "Of course, this is no limitation at all, because detaining a criminal alien will *always* ensure that the alien will not flee or endanger the community." *Muse v. Barr*, No. 18-cv-0054, 2019 WL 4254676, at *1 (D. Minn. Sept. 9, 2019) *(Muse II)*. Contrary to the Government's assertion, the statute's "immigration purpose" does not answer the constitutional due process question. *See* Gov't Br. 21 (contending that "mandatory detention pursuant to Section 1226(c) . . . is constitutionally proper, because his custody continues to 'serve [the statute's] purported immigration purpose.'" (citations omitted)), Docket No. 8. The question in a constitutional challenge "is not what the statute

requires, but instead the *constitutionality* of what the statute requires." *Muse II*, at *2 (citing *Jennings v. Rodriguez,* 138 S.Ct. 830, 851 (2018)).

The Government also argues that the Court should not consider Ararso U.M.'s Fifth Amendment due process claim because "he has not taken advantage of process available to him" under 8 C.F.R. § 1003.19 and *Matter of Joseph*, 22 I. & N. Dec. 660 (BIA 1999). Gov't Br. 18-19, Docket No. 8. But the Government admits that administrative review under this regulation pertains to whether Ararso U.M.'s criminal history puts him in the category of mandatory detention under 8 U.S.C. § 1226(c), an issue that is not contested here. *See id.* at 18 ("In a so-called *Joseph* hearing, [Ararso U.M.] can raise and get administrative review . . . of whether his criminal history properly puts him into the category of mandatory detention under 8 U.S.C. § 1226(c)."). Rather, his habeas petition challenges the constitutionality of his prolonged detention. Ararso U.M.'s due process claim is properly before this Court.

Courts in this District have concluded that due process challenges to the length of detention under §1226(c) must be resolved by examining the facts of the case to determine whether the detention is reasonable. *See, e.g., Muse v. Sessions*, 409 F.Supp.3d 707, 715 (D. Minn. 2018) (citing cases); *Omar M.*, 2019 WL 2755937, at * 1. The Court considers several factors to determine when continued detention becomes unreasonable and thus unconstitutional unless a bond hearing is held to consider whether the alien is a danger to the community or likely to flee. *Muse*, 409 F.Supp.3d at 715. These factors include (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by

6

the Government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.*

These factors represent a reasonable framework for balancing the due process interests at stake, even though they originally appeared in a decision that was later withdrawn for other reasons by the First Circuit. *See Omar M.,* 2019 WL 2755937, at *2 (citing cases). The withdrawal of *Reid* in light of *Jennings* does not undermine the reasonableness of these factors in the due process analysis. This Court declines the Government's invitation to abandon the analysis used in this District in favor of the approach taken in some cases in other districts cited by the Government. *See* Gov't Br. 11, 18, Docket No. 8.

First, the Court considers the length of detention, which is "critical to the due-process inquiry." *Muse,* 409 F.Supp.3d at 716. Ararso U. M. has been detained for 15 months. The total time of detention is about three times longer that the time period discussed in *Demore.* The length of Ararso U. M.'s detention favors granting him a bond hearing. *See id.* (14 months); *Mohamed*, 376 F.Supp.3d at 951 (15 months); *Omar M.*, 2019 WL 2755937, at *1 (nearly two years); *Jamal A. v. Whitaker*, 358 F.Supp.3d 853, 856 (D. Minn. 2019) (19 months); *Abshir H.A. v. Barr*, No. 19-cv-1033, 2019 WL 3719414, at *2 (D. Minn. Aug. 7, 2019) (18 months); *Bolus A.D.*, 376 F.Supp.3d at 961 (16 months); *Liban M.J. v. Sec'y of Dep't of Homeland Sec.,* 367 F.Supp.3d 959, 963 (D. Minn. 2019) (12 months); *Abdulkadir A. v. Sessions*, No. 18-cv-2353, 2018 WL 7048363, at *12 (D. Minn. Nov. 13, 2018) (9 months), *report & recommendation adopted*, 2019 WL 201761, at *1 (Jan. 15, 2019); *Tua Mene Lebie B.*, 2019 WL 5715703, at *2 (22 months).

Second, the Court considers how long the detention is likely to continue in the absence of judicial relief, taking into account the "anticipated duration of all removal proceedings, including administrative and judicial appeals." *Muse*, 409 F.Supp.3d at 716-17. This factor favors Ararso U. M. He filed his appeal to the BIA on December 9, 2019. No briefing deadlines had been set as of January 17, 2020, the date Ararso U.M. filed his reply brief. *See* Pet. Reply Br. 5, Docket No. 12. It appears likely that proceedings will continue for several months, particularly in light of the increasingly long time frame for immigration decisions due to the large volume of cases. This factor weighs in favor of granting relief.

Third, the Court considers the conditions of the detention. *Muse*, 409 F.Supp.3d at 717. Ararso U. M. is detained at the Kandiyohi County Jail, which is "not meaningfully different from a penal institution for criminal detention." *Jamal A.*, 358 F.Supp.3d at 860 (finding immigration detention at Sherburne County Jail "indistinguishable from penal confinement"); *Tua Meme Lebie B.*, 2019 WL 5715703, at *4 (same regarding Kandiyohi County Jail). The more the conditions of detention resemble penal confinement, the stronger the argument in favor of a bond hearing. *Jamal A.*, 358 F.Supp.3d at 860. The Government agrees that Ararso U.M. is detained in a criminal correctional facility. *See* Gov't Br. 20, Docket No. 8. This factor supports Ararso U.M.'s petition.

Fourth, the Court considers the nature and extent of any delays in the removal proceedings caused by Ararso U.M. *Muse*, 409 F.Supp.3d at 717. This factor weighs in his favor because he has not engaged in dilatory tactics. The Government asserts that four months of Ararso U.M.'s detention should not be counted because he requested extensions during the removal proceedings, but it appears these were routine and valid

8

requests. *See* Gov't Br. 20, Docket No. 8; Pet. Reply Br. 8, Docket No. 12. That is not the type of delay contemplated by this analysis. *See Tua Mene Lebie B.*, 2019 WL 5715703, at *5. Rather, this factor is meant to get at deportable criminal aliens raising frivolous objections and stringing out the proceedings in the hope that the Court will find the delay unreasonable and order their release. *Id.* (citing *Muse*, 409 F.Supp.3d at 717).

Fifth, the Court considers the nature and extent of any delays in the removal proceedings caused by the Government. *Muse,* 409 F.Supp.3d at 717. This factor favors the Government because it has not engaged in dilatory tactics.

Sixth, the Court considers the likelihood that the removal proceedings will result in a final removal order. *Id.* at 718. "Courts in this District are disinclined to conduct an in-depth analysis of this factor, as doing so would require the Court to weigh the merits of IJ decisions and the parties' appeals which it does not have a sufficient basis to do." *Abshir H.A.,* 2019 WL 3719414, at *2; *Bolus A.D.*, 376 F.Supp.3d at 962 ("this Court is not in the position to weigh the merits"); *Liban M.J.*, 367 F.Supp.3d at 965 ("[t]he Court cannot predict what will occur with the new [Government] filings and Petitioner's appeal"); *cf. Haji S.,* 2019 WL 3238354, at *3 ("given the recent vacatur of both of Petitioner's underlying criminal convictions . . . , the Court finds that this factor weighs in favor of granting habeas relief"). In the circumstances here, this factor is neutral because the Court is not is a position to weigh the merits of either the Government's grounds for removal or Ararso U.M.'s appeal.

Weighing the above factors favors granting relief to Ararso U.M. The Court thus finds that continuing to detain him without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

9

Finally, the parties briefed the issue of who bears the burden of proof in a bond hearing before an IJ, and what standard of proof is required. However this Court agrees with other Courts in this District that these questions are for the IJ to decide in the first instance. *See Abshir H.A.,* 2019 WL 3719414, at *3; *Bolus A.D.,* 376 F.Supp.3d at 963; *Muse,* 409 F.Supp.3d at 718.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT Ararso U.M.'s Petition for a Writ of Habeas Corpus [Docket No. 1] be GRANTED IN PART and DENIED IN PART as follows:

1. That on or before April 7, 2020, an Immigration Judge must hold a bond hearing and make an individualized determination regarding whether Ararso U.M.'s continued detention is necessary to protect the community or to prevent him from fleeing during the pendency of immigration proceedings;

2. That Ararso U.M.'s request for immediate release be denied;

3. That Ararso U.M.'s request for a bond hearing before this Court be denied.

Dated: March 10, 2020

                                             s/David T. Schultz
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).