UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ararso U.M.,  No. 19cv3046 (PAM/DTS)

Petitioner,

v. **ORDER**

William Barr, Attorney General; Chad Wolf,
Acting Secretary, Department of Homeland
Security; Matthew Albence, Acting Director,
Immigration and Customs Enforcement; Peter
Berg, Director, St. Paul Field Office,
Immigration and Customs Enforcement; Eric
Holien, Sheriff, Kandiyohi County;

Respondents.

The above matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David T. Schultz dated March 10, 2020. The Government filed timely objections to the R&R. (Docket No. 18.) Petitioner takes issue with the R&R's conclusion on a specific legal issue, but does not otherwise object to the relief the R&R recommends. (Docket No. 19.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 17.)

The Government Respondents argue, as they did before Magistrate Judge Schultz, that the Courts should not intervene in detentions accomplished under 8 U.S.C. § 1226(c), or at least should not conduct a fact-based analysis of those detentions because "the statute itself sets out an end-date for Petitioner's detention upon completion of removal proceedings." (Docket No. 18 at 1-2.) But it is precisely because those removal proceedings have dragged on for far too long that Petitioner filed this action. The Government's argument, taken to its logical extreme, means that

Courts could never determine that a pre-removal detention under § 1226(c) is unconstitutionally prolonged, something that not even the cases on which the Government relies suggest. Moreover, as the Government recognizes, Courts in this District, including this one, have uniformly rejected the Government's argument in this regard.

The Government also argues that the R&R erred in evaluating the circumstances of Petitioner's case. In particular, the Government contends that the R&R erred in failing to determine that a four-month delay in proceedings caused by Petitioner's request for an extension of time weighed in favor of the Government. But even had the R&R discounted this four-month period, Petitioner's detention has still stretched beyond the "brief" detention periods envisioned in Demore v. Kim, 538 U.S. 510 (2003). This argument provides no basis for overruling the R&R's conclusions.

Next, the Government criticizes the R&R's failure to "grapple with the fact that [Petitioner] was brought back into detention and removal proceedings were reopened because he had repeatedly violated the conditions of his supervised release into the United States." (Docket No. 18 at 4.) But the Immigration Judge will weigh the relevance of these facts when determining whether Petitioner's continued detention pending removal is necessary to either prevent him from fleeing or because he poses a risk to the community. The Government's argument in this regard is not well taken.

Finally, the Government asks the Court to dismiss all Defendants save Peter Berg, the local ICE field office director. Because the Court is dismissing the Petition, however, there is no need for a determination as to the propriety of naming any other Defendant, and the Government's request is denied.

Petitioner disagrees with the R&R's finding that the Immigration Judge must determine who bears the burden of proof and what that burden of proof should be at the detention hearing ordered below. According to Petitioner, only this Court can determine whether the burden of proof comports with the Constitution. But until the Immigration Judge determines the applicable burden of proof, the Court cannot evaluate whether Petitioner's constitutional rights have been violated. In other words, Petitioner urges this Court to issue an advisory opinion on an issue that is not yet ripe for decision. The Court declines Petitioner's invitation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 17) is **ADOPTED**;
2. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket No. 1) is **GRANTED IN PART** and **DENIED IN PART**;
3. Because Petitioner's ongoing detention has become unreasonably prolonged in violation of his right to due process of law under the Fifth Amendment, the Petition is **GRANTED** to the following extent:
    a. Within 30 days of this Order, or as soon as practicable given any closures or other logistical issues related to COVID-19, an immigration judge is required to provide Petitioner with a bond hearing;
    b. At the bond hearing, the immigration judge is required to make an individualized determination regarding whether detention is necessary to protect the community or to prevent Petitioner from fleeing; and

4. The Petition is **DENIED** in all other respects.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 25, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge